## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Denise Bell,**

        **Plaintiff,**

**v.**                                                         **Case No. 09-2097-JWL**

**Turner Recreation Commission**
**a/k/a Turner Aquatics et al.,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff filed suit against defendants asserting claims arising out of her employment with defendant Turner Recreation Commission. Specifically, plaintiff asserts claims alleging race discrimination and retaliation under 42 U.S.C. § 1981, 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In her amended complaint, she names as defendants Turner Recreation Commission ("TRC"), a municipal governmental entity, as well as individual members of TRC's board of commissioners and Turner Unified School District No. 202 of Wyandotte County, Kansas. Defendants move to dismiss all claims against all defendants, including plaintiff's claim for punitive damages, pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained below, the motion is granted in part, denied in part and moot in part.

The court begins with two arguments asserted by defendants in their motion to dismiss which plaintiff has not addressed in any respect in her response to the motion. Specifically, defendants move to dismiss plaintiff's claim for punitive damages on the grounds that such

damages are not permitted against a municipality and move to dismiss plaintiff's claims under the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq., to the extent she intends to assert such a claim.[1]  Because plaintiff has not addressed these arguments in her response in any respect, she has abandoned any claim under the KAAD and her claim for punitive damages. *Maestas v. Segura*, 416 F.3d 1182, 1190 n. 9 (10th Cir.2005) (plaintiffs abandoned claims "as evidenced by their failure to seriously address them in their briefs").  Defendants' motion is granted as to these claims.

Defendant also moves to dismiss, on various grounds, plaintiff's section 1981 and section 1983 claims and moves to dismiss, on various grounds, all claims against the individual defendants and against Turner Unified School District No. 202 of Wyandotte County, Kansas. In her response to the motion to dismiss, plaintiff asserts that she does not oppose dismissal of all claims and defendants (with the exception of her Title VII claims against defendant TRC) provided that such dismissals are without prejudice.  In their reply, defendants urge the court to rule on the merits of their motion and dismiss such claims and defendants with prejudice.  The court construes and resolves plaintiff's response as a motion to voluntarily dismiss these claims and defendants under Federal Rule of Civil Procedure 41(a)(2).  *See Maynard v. University of North Carolina*, 2008 WL 5069801, at *1-2 (M.D.N.C. Nov. 21, 2008) (in response to motion to dismiss, plaintiff requested dismissal without prejudice; court construed as Rule 41(a)(2)

---

[1] In her amended complaint, plaintiff makes an isolated reference to the Kansas Act Against Discrimination in her paragraph concerning jurisdiction and venue.  No other references to the KAAD are found in her complaint.

2

motion and granted motion); *McLorn v. Community Health Servs.*, 2006 WL 1982518, at *2 (S.D. Ill. Apr. 25, 2006) (construing similar response to a motion to dismiss as a Rule 41(a)(2) motion and granting motion); *Ferreiras v. York County*, 2006 WL 508048, at *3 (M.D. Pa. Mar. 1, 2006) (construing similar response to summary judgment motion as a Rule 41(a)(2) motion and granting motion); *Archer Daniels Midland Co. v. Whitacre*, 60 F. Supp. 2d 819, 825 (C.D. Ill. 1999) (same).

Rule 41(a)(2) permits a district court to dismiss an action without prejudice "upon such terms and conditions as the court deems proper." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). The rule "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id*. (citation omitted). As the Tenth Circuit has recognized, however, "absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Id*. (citation omitted). Significantly, prejudice "does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice." *Id*. at 1124 (citation omitted). Rather, prejudice "is a function of other, practical factors including: 'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.'" *Id*. (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

Defendants do not contend that they will suffer any legal prejudice if plaintiff's claims are dismissed without prejudice and the court can discern no prejudice under the circumstances. The parties have yet to engage in any discovery (indeed, the initial scheduling order was entered

only last week), trial is not scheduled until August 2010 and plaintiff promptly sought dismissal of the claims and defendants in response to defendants' motion. In short, the court will grant plaintiff's request to dismiss without prejudice all claims and defendants with the exception of her Title VII claims against defendant TRC because dismissal without prejudice does not subject defendants to any legal prejudice. Defendants' motion to dismiss these claims and defendants is moot. *See Fields v. Carbonell*, 2009 WL 1788180, at *1 (N.D. Fla. June 22, 2009) (after defendant filed a motion to dismiss or for summary judgment, court granted plaintiff's request to dismiss without prejudice despite defendant's insistence that motion should be granted on the merits where defendant made no showing that it would suffer clear legal prejudice); *Maynard*, 2008 WL 5069801 at *2 (granting Rule 41(a)(2) motion after motion to dismiss was filed because no discovery had been conducted and no substantial prejudice to defendant); *Pendergrass v. Clanton*, 2008 WL 2079144, at *1-2 (D. Mont. May 14, 2008) (plaintiff responded to summary judgment motion with "consent to dismissal"; court construed as a Rule 41(a)(2) motion, granted the motion, and dismissed the complaint without prejudice over defendant's objection that the case should be dismissed with prejudice; defendant incurred very minimal expenses, plaintiff acted diligently in requesting dismissal and case had not progressed beyond initial stages); *McLaurine v. City of Auburn*, 2007 WL 1771386, at *1-2 (M.D. Ala. June 18, 2007) (granting Rule 41(a)(2) motion and dismissing claims without prejudice even though defendant had already filed a motion for summary judgment on the merits; no legal prejudice in the fact that litigation had proceeded to the summary judgment stage).

Finally, the court turns to resolve defendant TRC's motion to dismiss plaintiff's Title VII

claims. According to TRC, these claims must be dismissed because plaintiff has failed to plead sufficient "facts" to support her claims as required by *Twombly* and *Iqbal*. *See Ashcroft v. Iqbal*, ___ U.S, ___, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). According to TRC, plaintiff's complaint concerning her Title VII claims of race discrimination and retaliation contains nothing more than conclusory allegations that are insufficient to state a claim for relief that is plausible on its face. With respect to plaintiff's retaliation claim in particular, TRC complains that plaintiff has not identified what "protected activity" she engaged in; what employment practices she believes were discriminatory; or the manner in which she opposed those practices.

In response, plaintiff points to numerous, specific factual allegations in her amended complaint that are more than sufficient to satisfy the pleading standards set forth in *Twombly* and *Iqbal*. With respect to her discrimination claim, plaintiff alleges that her supervisor, Becca Todd, routinely treated plaintiff less favorably than she treated similarly situated white employees by assigning plaintiff less desirable tasks; reducing plaintiff's hours while increasing the hours of white employees; subjecting plaintiff to heightened scrutiny in her job performance; and requiring plaintiff to adhere strictly to her work schedule while permitting white employees to arrive late and take extended breaks. She further alleges that her supervisor refused to socialize with plaintiff but routinely socialized with white employees and that her supervisor excluded plaintiff from certain activities that were made available to white employees. Finally, she contends that she received two written reprimands on February 7, 2009 on the basis of her race and that she was suspended and ultimately terminated on the basis of her race. With respect

to her retaliation claim, plaintiff alleges the following facts:

> 18.   Plaintiff complained to Todd that plaintiff was being treated less favorably than the white lifeguards and on February 9, 2007, plaintiff complained in writing to Todd's supervisor, Michelle Sedler, about the racial discrimination plaintiff was experiencing.
>
> 19.   Approximately one hour and fifteen minutes after plaintiff delivered her written complaint to Todd's supervisor, plaintiff was suspended.
>
> 20.   On February 28, 2007, the first day of plaintiff's return to work after the suspension, plaintiff was called to Todd's office and was told her contract was terminated and she was discharged.

Plaintiff, then, has clearly alleged specific facts showing that she was treated less favorably than similarly situated white employees and that she suffered an adverse action and, with respect to her retaliation claim, that she complained to her employer about racial discrimination in the workplace and that she suffered an adverse employment action as a result of that complaint. Nothing more is required under the law. Indeed, it is difficult to imagine what more the court could require of plaintiff in terms of pleading her claims with specificity.

For the first time in its reply, TRC contends that plaintiff's retaliation claim must be dismissed in any event because the written complaint referenced by plaintiff in paragraph 18 of her amended complaint did not, in fact, contain a complaint of race discrimination. Putting aside both that defendant's argument is not an appropriate one for purposes of Rule 12(b)(6) and that it cannot be raised for the first time in a reply brief, the argument lacks merit. In her written complaint, plaintiff quite clearly states that she is an African-American employee and that she is experiencing "harassment and discrimination" in the workplace. Similarly, TRC contends for the first time in its reply that plaintiff's discrimination claim must be dismissed in any event

6

because her facts concerning unfavorable treatment do not rise to the level of an adverse employment action. Again, putting aside that the argument is not a proper Rule 12(b)(6) argument and cannot be raised for the first time in a reply brief in any event, the court rejects the argument. Plaintiff has alleged that she suffered the ultimate adverse employment action on the basis of her race–the termination of her employment–and her specific allegations of unfavorable treatment at the very least support plaintiff's theory that her discharge was based on her race. *See Hysten v. Burlington Northern & Sante Fe Ry. Co.*, 296 F.3d 1177, 1181 (10th Cir. 2002) (ordinarily, necessary inference that discharge was discriminatory is satisfied by proof that the employer treated similarly situated employees more favorably).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss(doc. 3) is **granted** with respect to plaintiff's KAAD claim and plaintiff's claim for punitive damages and these claims are dismissed with prejudice; the motion is **denied** with respect to plaintiff's Title VII claims against defendant TRC; and is **moot** concerning all other claims and parties.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 are dismissed without prejudice pursuant to Rule 41(a)(2) and plaintiff's claims against defendants Denise Hanson, Theresa Tillery, Angela Robinson-Markley and Turner Unified School District No. 202 of Wyandotte County, Kansas are dismissed without prejudice pursuant to Rule 41(a)(2).

**IT IS SO ORDERED.**

Dated this 8th day of September, 2009, at Kansas City, Kansas.

                                                    s/ John W. Lungstrum
                                                    John W. Lungstrum
                                                    United States District Judge