IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENISE BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-2097-JWL/DJW |
| ) | |
| TURNER RECREATION ) | |
| COMMISSION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

I. **Nature of the Matter.**

Plaintiff initially filed this action pursuing claims for alleged race discrimination and retaliation under 42 U.S.C. § 1983 (Count I) and 42 U.S.C. § 1981 (Count II) seeking to recover compensatory and punitive damages against five (5) named Defendants – Turner Recreation Commission, Denise Hanson, Theresa Tillery, Angela Robinson-Markley and Turner Unified School District No. 202, Wyandotte County, Kansas. Complaint (Dkt. #1). Plaintiff later filed an Amended Complaint (Dkt. #2) wherein she added claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") for alleged race discrimination (Count III) and retaliation (Count IV) against all named Defendants seeking "an amount in excess of $75,000" for economic damages, reinstatement or front pay, interest, compensatory damages and punitive damages.[1] Defendants filed a Motion to Dismiss (Dkt. #3) which was granted, in part, by the Court

---

[1] Plaintiff also alluded to a claim under the Kansas Act Against Discrimination ("KAAD"). Amended Complaint (Dkt. #2), p. 2 ¶ 7.

leaving only Plaintiff's Title VII claims against Defendant Turner Recreation Commission. Memorandum and Order (Dkt. #12). Pursuant to the Scheduling Order (Dkt. # 8), Plaintiff and the sole remaining Defendant participated in mediation on October 19, 2009, which did not result in a settlement. Immediately following the mediation session, Defendant on October 19, 2009, served upon Plaintiff an Offer of Judgment (Dkt. #20-1) in the amount of $11,000 pursuant to Fed.R.Civ.P. 68. Plaintiff accepted this Offer. Notice of Acceptance (Dkt. #20). Plaintiff now asks this Court to award her attorneys' fees and expenses in the aggregate amount of $38,006.95. Motion for Attorneys' Fees (Dkt. #22). For the reasons set forth herein, Plaintiff's Motion (Dkt. #22) should be denied.

**II. Questions Presented.**

    A.    Is Plaintiff a "prevailing party"?

    B.    Has Plaintiff requested a reasonable fee award?

        1.    Are the hours requested reasonable?

            a.    Can Plaintiff recover for fees incurred after the offer of judgment?

            b.    Can Plaintiff recover for fees incurred on claims that she did not prevail?

            c.    Can Plaintiff recover fees for general research?

            d.    Is the time spent on various tasks reasonable?

        2.    Is the rate requested by Plaintiff reasonable?

    C.    Are the expenses sought compensable?

**III. Legal Arguments and Authorities.**

42 U.S.C. § 2000e-5(k) provides: "In any action or proceeding under this subchapter the court, in its discretion, may allow the **prevailing party** … a **reasonable** attorney's fee (including expert fees) as part of the costs …" (emphasis added). Plaintiff in this case is neither the "prevailing party" nor is her claim for fees "reasonable". Accordingly, her Motion (Dkt. #22) should be denied.

**A.** **Plaintiff is not a prevailing party.** The threshold question to be answered is whether Plaintiff's acceptance of Defendant Turner Recreation Commission's Offer of Judgment (Dkt. #20-1) makes her a "prevailing party" which would allow for a discretionary award of attorney's fees under 42 U.S.C. § 2000e-5(k).[2] The answer is that it does not and therefore her Motion (Dkt. #22) must be denied. See Fletcher v. Schilt, 178 F.R.D. 502 (N.D.Ill. 1998) affirmed 162 F.3d 975 cert. denied 526 U.S. 1136 (1999).

A two-part test is used to determine whether a Plaintiff is the prevailing party in cases where the Plaintiff accepts an offer of judgment made pursuant to Fed.R.Civ.P. 68:

(1) Whether the lawsuit was "causally linked to the relief obtained"; and

(2) Whether the defendant acted gratuitously, that is, the lawsuit was "frivolous, unreasonable, or groundless."

Fletcher at 505-06 citing Fisher v. Kelly, 105 F.3d 350, 352-54 (7th Cir. 1997); Gekas v. Attorney Registration and Disciplinary Comm'n of Supreme Court of Illinois, 793 F.2d 846, 849-50 (7th Cir. 1986); see also Farrar v. Hobby, 506 U.S. 103, 109-11 (1992) ("The

---

[2] Plaintiff clearly did **not** prevail against those other named Defendants who were dismissed by the Court. Memorandum and Order (Dkt. #12). Nor, as is discussed in greater detail below, did Plaintiff prevail on those claims against Defendant Turner Recreation Commission which were dismissed by the Court. Memorandum and Order (Dkt. #12).

crux of whether a party has prevailed for purposes of awarding attorney's fees is whether the party achieved success on the merits"). As in Fletcher and Fisher, the focus here is on the second prong of that test. In other words, does the Offer of Judgment (Dkt. #20-1) made and accepted in this case reflect a nuisance value settlement of Plaintiff's claims or does it represent a true merits value judgment in favor of Plaintiff.

As in Fletcher and Fisher, the Offer of Judgment (Dkt. #20-1) accepted by Plaintiff in this case provided:

> **COMES NOW** Defendant Turner Recreation Commission and pursuant to Fed.R.Civ.P. 68, hereby makes Plaintiff an offer of judgment in the amount of $11,000.00 plus reasonable attorneys' fees and costs as allowed by law which have been incurred to date in this cause. This Offer of Judgment is made for the purposes specified in Fed.R.Civ.P. 68 and **is not to be construed as an admission that Defendant is liable in this action, that Plaintiff has suffered any damages, or that Defendant is indebted in any way to Plaintiff**.

(emphasis added). Thus, Plaintiff is **not** presumed to be the "prevailing party." Fletcher at 504 citing Pigeaud v. McLaren, 699 F.2d 401, 402 (7th Cir. 1983). As in Fletcher, Plaintiff accepted an amount far less than what had been demanded – well over $410,000.00. See Amended Complaint (Dkt. #2), pp. 7-8 ("an amount in excess of $75,000"); Plaintiff's Initial Rule 26(a)(1) Disclosures, pp. 2-3 (lost income of $10,000 plus value of lost benefits; emotional pain, suffering, distress, humiliation - $200,000 to date: $200,000 future; and punitive damages), attached hereto as Exhibit A. Clearly, as in Fletcher, the Offer (Dkt. #20-1) reflects a nuisance value settlement gratuitously made by Defendant Turner Recreation Commission. Accordingly, Plaintiff is not a prevailing party and cannot be awarded attorney's fees under 42 U.S.C. § 2000e-5(k).

**B.** **Plaintiff's requested fee award is not reasonable.** Even if Plaintiff were considered to be a "prevailing party" within the meaning of 42 U.S.C. § 2000e-5(k), the

Court should exercise its discretion to deny Plaintiff any fee award because the fee award requested is excessive. "[F]ee awards … were never intended to 'produce windfalls to attorneys.'" Farrar v. Hobby, 506 U.S. 103 (1992) (quoting Riverside v. Rivera, 477 U.S. 561, 580 (1986) (plurality opinion). The prevailing party has the "burden to prove and establish the reasonableness of each dollar, each hour, above zero." Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1210 (10th Cir. 1986). This allows the Court to provide fair compensation to the prevailing party for the work done without punishing the opposing party or providing the prevailing party with a windfall.

The starting point for determination of an amount of a reasonable attorney fee is number of hours reasonably expended by the prevailing party multiplied "by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, (1983). An award of attorney's fees to a "prevailing party" is discretionary with the Court, apart from the analysis of what may constitute a "reasonable" fee award. Kjorlie v. Lundin, 830 F.Supp. 1386, 1388 (D.Kan. 1993). Here Plaintiff has failed to present a reasonable fee request and it should therefore be denied or, at a minimum, significantly reduced.

       1.      **The requested hours were not reasonably expended.** "[T]he burden is on the prevailing party to show that the hours claimed are reasonable." Deters v. Equifax Credit Info. Servs., Case No. 96-2212-JWL, 1998 WL 12119 *3 (D.Kan. Jan. 6, 1998) (quoting Blum v. Stenson, 465 U.S. 886, 897 (1984)). Attorneys normally do not bill all hours expended in litigation to a client, and "an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked." Ellis v. University of Kansas Med. Ctr., 163 F.3d 1186, 1202 (10th Cir. 1998) (quoting Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996)). To show billing judgment, "[c]ounsel

for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary … [and the] district court has a corresponding obligation to exclude hours not 'reasonably expended' from the calculation." Id.

In the instant case, plaintiffs' counsel have failed to exercise any billing judgment in their request for attorneys' fees and expenses.

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as the lawyer in private practice is obligated to exclude such hours in his fee submission. In the private sector, `billing judgment' is an important component of fee setting. It is no less important here. Hours that are not properly billed to one's <u>client</u> also are not properly billed to one's <u>adversary</u> pursuant to statutory authority. Copeland v. Marshall, 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (*en banc*) (emphasis in original).

Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); accord Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983). Instead of exercising the requisite billing judgment, Plaintiff appears to have submitted her counsel's raw hours and is requesting the Court to exercise billing judgment for her by determining a reasonable amount for attorneys' fees and expenses. This is not the Court's job.

The Tenth Circuit has stated that counsel should exercise "billing judgment" and must reduce the actual hours expended down to those reasonably expended. Case, 157 F.3d at 1250; Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983) ("In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."). Counsel are required to "keep meticulous

contemporaneous time records. Records must reveal for each lawyer all hours for which compensation is requested and how the hours were allotted to specific tasks." <u>Ramos v. Lamm</u>, 713 F.2d at 553. The purpose of this rule is clear. Some time, such as "time spent reading background cases, civil rights reporters and other materials designed to familiarize" the attorney with the applicable law are not properly billed to either a client or an adversary. <u>Id.</u> at 554. Trial courts are justified in denying compensation where the affidavits and time records fail to differentiate between billable and non-billable time. <u>Mares v. Credit Bureau of Raton</u>, 801 F.2d at 1209 (citations omitted). It "is not for the court to justify each dollar or hour deducted from the total submitted by counsel." <u>Mares v. Credit Bureau of Raton</u>, 801 F.2d at 1210. Because applicants have failed to submit a properly prepared accounting of their time they have failed to meet their burden "to prove and establish the reasonableness of each dollar, each hour, above zero." <u>Id.</u> Billings which simply state "telephone call" "trial preparation" or "travel ... to attend deposition" are inadequate and should not be allowed. <u>Von Clark v. Butler</u>, 916 F.2d 255, fn. 6 (5th Cir. 1990). Numerous entries by Plaintiff's counsel fail this requirement. Therefore, such entries should be denied or globally reduced.

   a. **Plaintiff cannot recover for any fees or expenses incurred after the Offer of Judgment was made.** The Offer of Judgment (Dkt. #20-1) was served on Plaintiff on October 19, 2009, at 3:32 pm. The Offer clearly provides that it only includes "reasonable attorneys' fees and costs as allowed by law which have been **incurred to date**."[3] As such, fees incurred after the Offer are not compensable. <u>See Gurerro v. Cummings</u>, 70 F.3d 1111 (9th Cir. 1995). Plaintiff's counsel purports to have billed 9.75 hours on October 19, 2009. The billing statement does not separately itemize

---

3 Plaintiff appropriately does not include time for October 28 through November 27, 2009.

the tasks performed by Plaintiff's counsel on that date, as required by Ramos, and instead lumps all work into a single time entry making it difficult to determine what time was spent on each task and whether such time was spent before or after receipt of the Offer of Judgment (Dkt. #20-1). The mediation on October 19, 2009, started at 10:30 am. and ended at 2:40 pm. Statement of Mediator (Dkt. 25-3) ("10-19-09 Mediation Conference 4.4" hours). Thus, 4.4 hours of the time reflected on Plaintiff's counsel's October 19, 2009, fee entry can be attributed to "engaging in mediation w/Warren McCamish as mediator." An additional 0.9 hours (the time between the end of the mediation session (2:40 pm) and the time Plaintiff was served with the Offer of Judgment (Dkt. #20-1) (3:32 pm) can be attributed to "post mediation prep of client for deposition." Assuming that the "pre mediation prep conf w/client" took place between 9 am and 10:30 am, the balance of the time on October 19, 2009 (2.9 hours for "rec and rev Offer of Judgment faxed from def counsel; legal research reg FRCP 68") as well as all other time allegedly incurred after service of the Offer (October 20, 2009 through October 27, 2009) is simply not compensable and should not be awarded to Plaintiff in this case. This would reduce the total hours requested by 14.4 hours.

        **b.** **Time spent on unsuccessful claims or against dismissed Defendants is not compensable.** The burden is on Plaintiff to submit evidence documenting hours that includes providing sufficient detail "for the court to separate out time spent on claims on which the party did not prevail [and] to identify hours that are unnecessary or excessive." Phelps v. Hamilton, 845 F.Supp. 1465, 1471 (D.Kan. 1994). Plaintiff originally filed this action against five (5) Defendants and presented claims for alleged race discrimination and retaliation under 42 U.S.C. § 1983 (Count I) and 42

U.S.C. § 1981 (Count II) seeking to recover compensatory and punitive damages. Complaint (Dkt. #1). **All** of the claims presented in Plaintiff's original Complaint (Dkt. #1) were dismissed. Memorandum & Order (Dkt. #12). Plaintiff was certainly not a prevailing party on these claims – rather Defendants prevailed on these claims – and is not entitled to any award of fees for time spent on these claims. See Poolaw v. City of Anadarko, 738 F.2d 364, 368 (10th Cir. 1984) (where a lawsuit fails against some parties, the fee must be reduced); Ortega v. City of Kansas City, Kansas, 659 F.Supp. 1201, 1216-17 (D.Kan. 1987) rev. on other grounds, 875 F.2d 1497 (1988) (where plaintiff prevails on some claims but not others, the fee must be reduced). Nor can Plaintiff recover fees on any KAAD claim which she may have pursued against Defendants with the Kansas Human Rights Commission but which were either never pursued in this civil action or were dismissed. Memorandum & Order (Dkt. #12). Again Plaintiff cannot be said to be a prevailing party in connection with any claims under the KAAD. Similarly, four of the five named Defendants were dismissed from the additional Title VII claims set forth in Plaintiff's Amended Complaint (Dkt. #2) – once again Plaintiff cannot be said to have prevailed against any of these four Defendants.

Culling time spent on claims other than her Title VII claims out of the fee application is difficult because Plaintiff has not properly segregated this time. However, certain time entries clearly relate to claims on which Plaintiff did not prevail. This includes time spent drafting original complaint – "Week of 2-27-09" 10+ hours. It also includes time spent by Plaintiff in connection with Defendants' Motion to Dismiss (Dkt. #3) should not be compensable – 7/2 – 4.75 hrs; 7/9 6 hrs; 7/10 3.5 hrs. Time spent in connection with the KHRC relating to her KAAD claims including whether and how to

pursue an administrative appeal of such claims – this time generally begins on 12/13/08 – 3/4/09; 8/20/09 – 9/10/09; 12/07/09; "Week of 2-27-09"; 3/3/09; and 3/24/09 – 5/21/09. Much of this time duplicated efforts made by Plaintiff as a *pro se* before the KHRC from 6/25/07 (when she filed her charge) to the time counsel began representing her in December of 2008. Because Plaintiff has failed to segregate much of the time spent by claim or by defendant, Defendant would suggest simply reducing the total remaining time by 80-90%. See Ortega 659 F.Supp. at 1207, 1217 (33 1/3% reduction where only 4 of 14 were dismissed and plaintiff prevailed on only 1 of 9 counts).

    c.  **Time spent on general legal research is not compensable.** "Hours spend familiarizing oneself with the general area of law should be absorbed in the firm's overhead and not be billed to the client." Phelps, 845 F.Supp. at 1472. Some time, such as "time spent reading background cases, civil rights reporters and other materials designed to familiarize" the attorney with the applicable law are not properly billed to either a client or an adversary. Ramos v. Lamm, 713 F.2d at 554. Again, Plaintiff's hours contain numerous references to general legal research – 12/13/07; 12/07/08; 2/13/09; "Week of 2/27/09"; 6/08/09; 7/02/09; 7/09/09; 10/12/09; 10/19/09; 10/20/09; 10/21/09. These time entries are simply not compensable.

    d.  **The total hours claimed by Plaintiff are not reasonable.** Aside from analysis of whether particular hours and activities in applicants' accounting statements are reasonable, the Court must determine whether the total hours claimed are reasonable. Albert v. Klevenhagen, 896 F.2d 927, 932 (5th Cir. 1990). The total number of hours expended by Plaintiff's counsel in this case is wholly disproportionate to the necessary and reasonable hours required to present Plaintiff's claims. See Mares v. Credit Bureau of

Raton, 801 F.2d at 1203 (excessive time is a proper basis for court's general reduction in hours claimed by counsel); accord Bratcher v. Bray-Doyle Independent School Dist., 8 F.3d 722, 725 (10th Cir. 1993). Once the frivolous claims and improper parties were dismissed, this case involved a relatively straight forward Title VII employment discrimination/retaliation case. At the time the Offer of Judgment was made, virtually no substantive work had been performed in the case – ie. depositions, summary judgment motions, etc. – which would warrant the expenditure of any significant time let alone the amount of time Plaintiff contends her attorney spent. For this reason, a general reduction of any remaining time is warranted.

Even if the total hours could be warranted, it is evident from a cursory review of the application that Plaintiff's bill is filled with excessive time entries. First, it is apparent that no matter what the task, Plaintiff bills a minimum of .25 of an hour. Many tasks such as the receipt of an e-mail advising that the mediation would start an hour later than originally scheduled are excessively billed when they clearly took no more than a couple of minutes and would only be billed to a client at .1 of an hour if billed at all – 3/18/08; 8/13/08; 8/25/08; 8/28/08; 10/16/08; 12/17/08; 2/13/09; 3/03/09; 7/21/09; 7/22/09; 7/29/09; 7/30/09; 8/03/09; 8/19/09; 8/31/09; 9/04/09; 9/09/09; 9/23/09; 9/29/09; 10/07/09; 10/13/09; 10/14/09; and 10/16/09. Second, it is clear that Plaintiff spends an inordinate amount of time on many general tasks which are either clerical in nature and should not be billed at all, or if substantive simply took too much time for an attorney charging the hourly rates based on experience claimed in the application -- see 6/09/09; 6/10/09; 10/13/09. The same can be said of time spent on mediation preparation both at the administrative level where it never took place and after the litigation was filed. The long and short of the matter is that this was

a simple case where Plaintiff's counsel has attempted to churn the file to obtain a fee award far in excess of what the case was ever worth. Plaintiff's counsel should not be rewarded for this effort.

**2. Plaintiff's proposed hourly rate is not reasonable.** Plaintiff suggests that her counsel should be compensated at an hourly rate of $250.00. Defendant recognizes that this Court has approved such a rate in similar types of litigation. However, to the extent Plaintiff is entitled to such a "prevailing rate", it is only where such a high rate reflects expertise in this area of the law which is not apparent from the manner in which this case was handled. See Foley v. City of Lowell, Mass., 948 F.2d 10, 21 (1st Cir. 1991) ("adjust the hours to reflect that expert counsel, worthy of such rates, might need less time"). Plaintiff's actions such as including improper parties and unwarranted claims as well as spending significant time conducting legal research are not the types of activities which justify the hourly rate sought by counsel. When considering the customary fee, the court should "determine what lawyers of **comparable skill and experience** practicing in the area in which the litigation occurs would charge for their time." Theno v. Tonganoxie Unified Sch. Dist. No. 464, 404 F. Supp. 2d, 1288 (D. Kan. 2005) (quoting Case 157 F.3d at 1256) (emphasis added). Defendant suggests that an appropriate hourly rate for Plaintiff's counsel would be in the area of $175.00 to $200.00.

**C. Expenses sought are not compensable.** Costs recoverable under 28 U.S.C. § 1920 are not recoverable under a fee application. Ramos v. Lamm, 713 F.2d at 560. Some of the items requested by Plaintiff are only recoverable as costs and should not be awarded as part of any fee award. This includes her filing fee, service of process fees and copy fees. This leaves Plaintiff's request for her share of the mediation fees as the only

additional expense sought to be recovered. However, mediation fees are fees that are borne by each party and Defendant is not aware of any authority under which such fees could be recovered by the prevailing party in a fee application. Thus, Plaintiff's share of the mediation fees should not be awarded as part of any fee award.

With respect to those items which may be recoverable as costs, Plaintiff should not recover her process fees or copying fees. Section 1920 provides for taxation of costs of copies only if they were "necessarily obtained for use in the case." Ortega v. City of Kansas City, Kansas, 659 F.Supp. at 1218. Plaintiff's itemization of copy costs provides no information as to the purposes for which they were used. Absent such information, the Court may disallow these expenses. Ortega v. City of Kansas City, Kansas, 659 F.Supp. at 1218 (citing American Key Corp. v. Lumberland Assoc., 102 F.R.D. 496, 499 (N.D.Ga. 1984)).

Similarly, with regard to the service of process fees, Plaintiff's supporting statement shows issuance of 3 summons and service on numerous defendants. As only one Defendant was found to be proper, such fees should be limited to $47.00. The other costs were not generated as a "prevailing party" and are therefore not recoverable.

## IV. Conclusion.

Plaintiff in this case is not a "prevailing party" under 42 U.S.C. § 2000e-5(k) and should not be awarded her attorneys' fees. Assuming *arguendo* that she is a "prevailing party", her request for fees should still be denied, or at a minimum reduced, because it is excessive, not reasonable and includes items which are not compensable as part of a fee award.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
707 Minnesota Avenue, Suite 400
Post Office Box 171300
Kansas City, Kansas 66117-1300
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
    Gregory P. Goheen    #16291

Attorneys for Defendant Turner Recreation Commission

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 14th day of December, 2009 to:

Donald F. McDonald, Jr.
10401 Holmes Road., Suite 490
Kansas City, MO 64106

Attorneys for Plaintiff

/s/ Gregory P. Goheen