# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Denise Bell,**

      **Plaintiff,**

**v.**                                                              **Case No. 09-2097-JWL**

**Turner Recreation Commission**
**a/k/a Turner Aquatics,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed suit against numerous defendants asserting claims of race discrimination and retaliation under 42 U.S.C. § 1981, 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., arising out of her employment with Turner Recreation Commission. Defendants moved to dismiss all claims against all defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). In the face of defendants' motion, plaintiff voluntarily dismissed all defendants other than defendant Turner Recreation Commission (TRC) and all claims other than her Title VII claim. That claim survived TRC's motion to dismiss. Thereafter, defendant TRC served upon plaintiff a Rule 68 offer of judgment in the amount of "$11,000.00 plus reasonable attorneys' fees and costs allowed by law which have been incurred to date." Plaintiff accepted the offer.

This matter is presently before the court on plaintiff's motion for attorneys' fees and costs (doc. 22) in which she seeks fees totaling $36,812.50 and expenses totaling $1194.45 as a "prevailing party" pursuant to 42 U.S.C. § 2000e-5(k). For the reasons set forth below,

plaintiff's motion is granted in part and denied in part. Specifically, the court awards plaintiff $17,620 in fees and $496.95 in expenses, for a total award of $18,116.95.[1]

I.      **Prevailing Party Status**

A district court may award attorneys' fees to the prevailing party in a Title VII action. *See* 42 U.S.C. § 2000e-5(k). As an initial matter, defendant disputes that plaintiff is a "prevailing party." According to defendant, plaintiff cannot be deemed a prevailing party because she accepted an offer of judgment that represented a "nuisance value" settlement of her claim rather than a "merits value" judgment in her favor. In support of its argument, defendant directs the court to a Seventh Circuit case and a district court case in which those courts held that the plaintiff who had accepted an offer of judgment was not a prevailing party because the record in those cases demonstrated that the offers were for the suits' nuisance value rather than a recognition of the claims' merit. *See Fisher v. Kelly*, 105 F.3d 350, 352-53 (7th Cir. 1997);

---

[1] For some reason not explained by plaintiff, she filed her reply to defendant's response to the motion for fees in two parts. In her first reply, she addressed only the issue of whether she is a prevailing party for purposes of a fee award. Two days later, she filed an "amended" reply addressing the prevailing party issue as well as the reasonableness of her time records. Defendant moves to strike the amended reply on the grounds that the rules permit the filing of only one reply brief. Plaintiff states that she filed both briefs within the time permitted for the filing of a reply and that, in the absence of any prejudice to defendant, the court should consider the amended reply. Because the amended reply addressed all issues and was timely filed, the filing of the amended reply had the effect of nullifying the first reply and the court discerns no prejudice to defendant. The motion to strike, then, is denied. Plaintiff is cautioned, however, that the court attempts to resolve most motions as soon as possible after the filing of a reply brief. Counsel, then, runs the risk that an order resolving a motion might issue prior to the time the period for filing a reply brief has expired if a reply brief has been filed.

2

*Fletcher v. Schilt*, 178 F.R.D. 502 (N.D. Ill.), *aff'd*, *Fletcher v. City of Fort Wayne*, 162 F.3d 975 (7th Cir. 1998).

The court finds these cases distinguishable. First, the offer of judgment in this case expressly states that the offer is for $11,000 "*plus* reasonable attorneys' fees" (emphasis added). The drafters of the offers in both *Fisher* and *Fletcher* did not include such language. Defendant's decision to include that language in its offer (rather than state that the $11,000 included attorneys' fees) cuts against its argument that plaintiff should not be deemed a prevailing party.[2] Second, the amount of the offer of judgment in this case bears a direct relationship to plaintiff's actual damages which the parties agree is approximately $10,000. It is certainly not clearly a concession of a meritless claim for a plaintiff to settle for a sum slightly in excess of his or her out-of-pocket loss early in the course of litigation. This fact, then, provides circumstantial evidence that the amount of the offer of judgment is not as detached from the underlying issues in the case as defendant now contends.

Moreover, there is simply no evidence from which the court could conclude that this case was settled for its nuisance value. To be sure, defendant's counsel insists by way of argument (but not by way of any evidentiary submission) that the offer of judgment was made gratuitously. Defendant supports its argument by simply comparing the amount of the offer to plaintiff's

---

[2]In full, the offer of judgment here provides for judgment in the amount of "$11,000 plus reasonable attorneys' fees and costs allowed by law which have been incurred to date." While an argument could be made that the phrase "allowed by law" modifies both "costs" and "attorneys' fees" such that defendant contemplated that plaintiff would still have to prove that she was a prevailing party entitled to such fees, defendant has not asserted that argument.

3

prayer for relief. The court is unwilling to attach to the figures set forth in plaintiff's prayer the significance urged by defendant. Plaintiff's initial complaint was filed under federal statutes such that the amount in controversy did not bear any legal significance at the time plaintiff filed her complaint. Similarly, the court is unwilling to find that plaintiff is not a prevailing party simply because she "asked for the moon" in her initial claim for damages (a practice that seems fairly standard in litigation). *See Cleary v. Martino*, 982 F. Supp. 639, 641 (E.D. Wis. 1997). The absence of any direct evidence demonstrating that defendant settled this case for its nuisance value, coupled with the fact that defendant's offer expressly references "reasonable attorneys' fees" and approximates plaintiff's out-of-pocket loss, suggests that there is no reason to treat plaintiff as anything other than a prevailing party.

Defendant also places much emphasis on the fact that it expressly disclaimed any liability in the offer of judgment. While defendant accurately points out that the *Fletcher* court found such language to be highly probative of a gratuitous settlement, that court also cautioned that "[p]revailing party status . . . is not denied a Plaintiff on the sole basis of Defendant's disclaimer." 178 F.R.D. at 505-06; *accord Fletcher*, 162 F.3d at 977 ("Defendants think that [the disclaimer of liability language] are magic words that preclude awards of attorneys' fees, but that can't be right."). Here, any persuasive force the disclaimer language might otherwise have is mitigated by the "plus reasonable attorneys' fees" language included by defendant in its offer. In sum, the court concludes that plaintiff is a prevailing party and will consider her request for fees on the merits.

## II.     **Attorneys' Fees**

The court now turns to address the merits of plaintiff's fee request. Once a party has established its entitlement to fees as a "prevailing party," the court must determine what fee is "reasonable." *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). As courts have long recognized, the most useful starting point for determining the amount of a reasonable fee is the "lodestar" figure--"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See id.* (quoting *Beard*, 31 F.3d at 955) (quoting *Hensley*, 461 U.S. at 433)); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)). Once the court determines the lodestar, it must then determine whether any upward or downward adjustment should be made to the lodestar "to account for the particularities of the suit and its outcome." *See Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997) (citing *Hensley*, 461 U.S. at 433-34).

### A.     *Hours Reasonably Expended*

In calculating the number of hours reasonably spent by counsel for the party seeking fees, the court must ensure that counsel has exercised proper "billing judgment." *Case*, 157 F.3d at 1250 (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). As the Tenth Circuit recently reiterated, billing judgment "consists of winnowing the hours actually expended down to the hours reasonably expended." *See id.* (citing *Ramos*, 713 F.2d at 553). An analysis of whether counsel has exercised proper "billing judgment" requires a two-step inquiry. First, the court

examines whether specific tasks are properly chargeable at all. *See id.* ("Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable.") (citing *Ramos*, 713 F.2d at 553-54) (giving as an example time spent doing background research)). Second, after examining the specific tasks and whether they are properly chargeable, the court examines the hours expended on each task to determine if they are reasonable. *Id.* However, the court "need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Ellis*, 163 F.3d at 1202 (quotations and citations omitted); *accord Case*, 157 F.3d at 1250. At all times, counsel for the party seeking fees has the burden to prove that their hours were reasonable. *See, e.g., Case*, 157 F.3d at 1259.

1.  Tasks properly chargeable

In response to plaintiff's motion, defendants urge that certain tasks identified in the time records of plaintiff's counsel are not properly chargeable at all. First, defendant challenges the the significant amount of time that plaintiff's counsel spent conducting general legal research regarding plaintiff's claims and service of process issues. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1253 (10th Cir. 1998) (time spent familiarizing oneself with the general area of law should be absorbed in the firm's overhead and not be billed to the client or an adversary). The billing records of plaintiff's counsel reflect numerous entries concerning legal research. Unfortunately, plaintiff's counsel has engaged in the practice of "block billing" such that the

court cannot separate general legal research from appropriate, compensable tasks. For example, plaintiff's counsel has one time entry for the "week of 2-27-09" in the amount of "10+ hrs." That entry includes numerous tasks, from legal research to the filing of the initial complaint. Moreover, the fact that this single entry is intended to reflect an entire week's worth of work strongly suggests to the court that plaintiff's counsel was keeping neither meticulous nor contemporaneous time records as required by Tenth Circuit case law. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233-34 (10th Cir. 2000).

In light of counsel's practice of lumping numerous tasks into large blocks of time, together with counsel's failure to maintain certain time records contemporaneously with the work performed, the court is left with the impossible task of determining what number of hours was spent on appropriate research, what number of hours was spent on general "background" research and what number of hours was spent on other tasks included in the same time entries. There are 8 time entries that include references to legal research. Taken together, those entries amount to 37.25 hours of work. The court recognizes that some of that legal research may have been warranted and compensable. The description of certain research, however, indicates that some hours were improperly charged on background research–particularly where, as here, the attorney conducting the research has charged (and seeking in this application) an hourly rate of $250. *See Mallison-Montague v. Pocrnick*, 224 F.3d 1224, 1234-35 (10th Cir. 2000). For example, one entry indicates "preliminary legal research regarding retaliation related claim." Another reflects "legal research regarding timing of conditions precedent to filing lawsuit." The nature of such research, and the time spent conducting that research, does not reflect time well

7

spent by experienced counsel charging an hourly rate of $250. Thus, the court will deduct 25 hours from plaintiff's counsel's request to account for noncompensable legal research.

Defendant further maintains that plaintiff should not recover any fees for time spent on the claims and defendants she dismissed voluntarily in the face of the motion to dismiss. Specifically, defendant contends that plaintiff should not recover any time for drafting and filing the initial complaint because every claim in that complaint was ultimately dismissed by plaintiff. In addition, defendant contends that the court should reduce the significant amount of time plaintiff's counsel spent responding to the motion to dismiss. In essence, defendant urges that plaintiff can recover only for time spent on her Title VII claim against defendant TRC.

To be sure, some of the time that plaintiff's counsel spent on these matters is compensable because the claims asserted in the initial complaint involved a core of facts common to plaintiff's Title VII claim. *See Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1258-59 (10th Cir. 2005). That being said, plaintiff should not recover fees for the preparation of both the initial complaint and her amended complaint where every claim from the initial complaint was dismissed by plaintiff. The court will thus deduct the 5 hours of time plaintiff's counsel spent preparing the amended complaint. The court does not believe that a further reduction of hours is warranted concerning plaintiff's counsel work responding to the motion to dismiss. The vast majority of the time spent responding to the motion involved legal research and the court has already reduced that time accordingly.

2. Reasonableness of hours expended on tasks

8

In addition to challenging the compensability of certain tasks, defendants object to the number of hours plaintiff's counsel expended on other tasks. First, the minimum billing increment utilized by plaintiff's counsel is .25 hours rather than .10 hours, such that plaintiff's counsel automatically bills 15 minutes of time for a phone call that might last less than 2 minutes or for the reading of an e-mail that might take less than 1 minute. Interestingly, a judge in this district back in 1999 noted that "quarter-hour billing in the Kansas City legal market has been virtually extinct for some time." *Glover v. Heart of America Management Co.*, 1999 WL 450895, at *7 n.8 (D. Kan. May 5, 1999). Plaintiff's counsel does not suggest that quarter-hour billing is an accepted practice in this area and, in fact, does not address this issue at all.

Had plaintiff's counsel not compounded the problem by block billing, the court could simply have eliminated every quarter-hour phone call or e-mail exchange. But because every time entry is block billed and every entry is rounded to a quarter-hour, the court's task is an impossible one yet the practice has clearly produced an inflated number of hours. In such circumstances, courts have routinely reduced an overall fee request by as much as 20 percent. *See Cambridge Toxicology Group Inc., v. Val Exnicios*, 495 F.3d 169, 181-82 (5th Cir. 2007) (affirming reduction of 12.5% for billing in quarter-hour increment); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948-49 (9th Cir. 2007) (affirming reduction of 20% for billing in quarter-hour increments); *La Barbera v. Pass 1234 Trucking, Inc.*, 2007 WL 2908175, at *7 (E.D.N.Y.2007) (reducing hours billed by 15% where method of billing was "not entirely accurate since [attorneys'] time is divided into fifteen minute increments instead of the more traditional six minutes."); *Swisher v. United States*, 262 F. Supp. 2d 1203 (D. Kan. 2003)

(applying 12.5 percent reduction). Here, the court concludes that an overall reduction of 20 percent is warranted, particularly as plaintiff's counsel has made no effort whatsoever to demonstrate that any of the billing entries are an accurate representation of the time spent on the case.

Counsel's time records also reflect that he has billed for purely clerical or secretarial tasks that he may have performed but that did not require legal skill, such as ordering and paying for copies; communication with court reporters; obtaining and preparing summonses; and communication with process servers. The court will deduct 4.75 hours of time for these entries.

Finally, defendant challenges the total amount of time that plaintiff's counsel spent on mediation preparation, both at the administrative level (where it never occurred because plaintiff ultimately declined to participate) and after the litigation commenced. The time records reflect that plaintiff's counsel spent 2.75 hours on mediation-related matters at the administrative level and something less than 18.75 hours (again, the block billing problem) spent preparing for (but not attending) the mediation that ultimately resulted in the offer of judgment. Certainly, some time spent related to those efforts is compensable. To hold otherwise might discourage counsel for plaintiffs from exploring settlement possibilities. Such a result would contravene the "strong preference" expressed by Congress in enacting Title VII "for encouraging voluntary settlement of employment discrimination claims." *See Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981); *see also Sears v. Atchison, Topeka & Santa Fe Ry., Co.*, 749 F.2d 1451, 1455 (10th Cir. 1984) ("Surely the law should encourage settlement of Title VII disputes."). While the time spent by plaintiff's counsel concerning mediation at the administrative level is reasonable,

plaintiff's counsel has not met his burden of showing that he spent a reasonable number of hours preparing for the October 19, 2009 mediation, particularly since the case had not advanced to the discovery stage at the time of the mediation. Thus, the court will deduct 10 hours from plaintiff's fee request.

3.     Post-Offer Fees and Costs

As noted earlier, the offer of judgment was made and accepted on October 19, 2009. Judgment was entered in this case on October 27, 2009. In her motion for fees, plaintiff seeks to recoup fees (representing a total of 14.4 hours) incurred during the time period from October 19, 2009 until the entry of judgment. The parties dispute whether the offer of judgment limits the recoupment of fees and costs to those accrued up until the date of the October 19, 2009 offer (as urged by defendant) or up until the date of the entry of judgment on October 27, 2009 (as urged by plaintiff).

The offer of judgment in this case provides for "reasonable attorneys' fees and costs as allowed by law which have been incurred to date in this cause." Defendant contends that the phrase "to date" clearly refers to the date of the making of the offer. This interpretation is not unreasonable and, indeed, is consistent with Rule 68 itself, which permits a party to "*serve* on an opposing party an offer to allow judgment on specified terms, with the costs *then* accrued" (emphasis added). Plaintiff, on the other hand, looks to the October 27, 2009 judgment entered by the clerk of the court, which incorporates the language of the offer of judgment and states that "Plaintiff Denise Bell is awarded judgment against defendant Turner Recreation Commission

11

in the amount of $11,000.00, with interest thereon at the rate of 0.39 percent as provided by law, plus reasonable attorney fees and costs allowed by law which have been incurred to date." According to plaintiff, then, the judgment clearly indicates that plaintiff is entitled to recover fees and costs through the date of judgment.

In support of its reading of the offer of judgment, defendant directs the court to the Ninth Circuit's decision in *Geurrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995). In that case, however, the offer of judgment expressly limited the recoupment of fees and costs to those incurred "prior to the date of this offer." By contrast, the offer here includes reasonable fees and costs incurred "to date." Nonetheless, the Tenth Circuit has addressed this very language in the context of a Rule 68 offer of judgment and has held that an offer of judgment that is accepted triggers the express cut off provision of rule 68 itself such that an accepted offer of judgment which provides for "costs of suit *to date* and attorneys' fees *to date*" is sufficient to cut off fees and costs as of the date when the offer of judgment was made, even if the judgment entered by the court (as here) does not apply the Rule 68 cut off. *Sussman v. Patterson*, 108 F.3d 1206, 1209-11 (10th Cir. 1997). Applying *Sussman*, the court finds that the parties in this case, through the offer of judgment and its acceptance, agreed to a cut off date of October 19, 2009–the date the offer was made. Id. at 1211. The court, then, deletes the 14.4 hours of time spent by plaintiff's counsel after the making of the offer of judgment.

B.  *Reasonable Hourly Rate*

To complete the lodestar calculation, the court now determines a reasonable hourly rate.

12

*See Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). A reasonable rate "is the prevailing market rate in the relevant community." *Id.* (quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984))).[3] The relevant market rate is the "price that is customarily paid in the community for services like those involved in the case at hand." *Id.* (quoting *Beard v. Teska*, 31 F.3d 942, 956 (10th Cir. 1994)). Thus, plaintiff bears the burden of showing that the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See id.* (quoting *Malloy*, 73 F.3d at 1018) (quoting *Blum*, 465 U.S. at 895 n.11)).

In her motion for fees, plaintiff requests an hourly rate of $250 for her counsel, Mr. McDonald, who billed all of the hours in this case. In support of plaintiff's request, Mr. McDonald avers that he received his law degree in 1980 and that he has been practicing law in the area of civil litigation since that time, with some specific experience in employment litigation. He further avers that the "rate customarily charged for [his] legal services" is $250.00 per hour and that, based on his background and experience, as well as his familiarity with prevailing rates in the Kansas City market, his hourly rate is reasonable and in line with prevailing rates in the area for similar services by lawyers of reasonably comparable skill, experience and reputation. In addition to his own affidavit, Mr. McDonald has submitted the affidavit of Walter Simpson, a Kansas City lawyer who practices with Mr. McDonald. Mr. Simpson avers that he has knowledge of the rates charged by other Kansas City lawyers who

---

[3]The relevant community here is the Kansas City metropolitan area.

practice in the area of civil rights and employment discrimination and that the requested hourly rate of $250 is reasonable in light of Mr. McDonald's experience and reputation.

In response, defendant suggests that an hourly rate of $250 reflects a level of expertise that is not apparent from the manner in which Mr. McDonald handled this case, including the assertion of unwarranted claims against improper parties and time spent conducting general legal research. Defendant suggests that an hourly rate of $175 to $200 is more appropriate.

The court will calculate the fee award in this case using the hourly rate of $250. The affidavits submitted by plaintiff's counsel are sufficient to meet his burden of proof and defendant has not offered any evidence–and certainly has not offered evidence that it billed the case at a lower hourly rate–that a lower rate is appropriate. In fact, defendant concedes that the court has approved this rate in similar types of litigation. Moreover, the issues highlighted by defendant concerning Mr. McDonald's level of expertise have been addressed by the court's reduction of hours expended on tasks related to those issues.

*C.     Calculation of the Lodestar*

Based on the rates and hours discussed above, the court concludes that the lodestar figure for this case is $17,620. This amount is calculated as follows. The billing records submitted by plaintiff's counsel reflect 147.25 hours spent on the case at an hourly rate of $250.00, for a total fee request of $36,812.50. From the 147.25 hours, the court will deduct 25 hours for noncompensable legal research; 5 hours for preparation of the amended complaint; 4.75 hours for clerical tasks; 10 hours for mediation preparation; and .14.4 hours for time spent after the

14

offer of judgment was made. After these deductions, the number of hours remaining is 88.1 hours. Multiplying those hours by the hourly rate of $250.00, the fee amount is $22,025. The court then reduces that figure by 20 percent for counsel's quarter-hour billing practice. The lodestar amount, then, is $17,620.

*D.     Reduction of the Lodestar*

Having determined the lodestar amount, the court now considers whether any adjustment to that amount is necessary. *See Hensley*, 461 U.S. at 435. According to defendant, a general reduction of any remaining time is necessary because the total number of hours spent by plaintiff's counsel was "wholly disproportionate" to the number of hours reasonably necessary to handle plaintiff's case–a case that was simply a straightforward Title VII claim between only two parties. While the court agrees that the total number of hours requested by plaintiff is excessive in light of the outcome of the case, the procedural posture of the case at the time of settlement (*i.e.*, prior to any significant discovery) and the nature of the claim itself, the court nonetheless believes that the reductions already made by the court sufficiently account for these issues such that the lodestar calculated above represents a reasonable amount of fees.

**III.    Expenses**

Plaintiff also seeks as part of her fee request $1194.45 for expenses incurred. As the Tenth Circuit has reiterated, expenses incurred in representing a client in civil rights and analogous cases should be included in the attorney's fee award if such expenses are reasonable

15

and "usually billed in addition to the attorney's hourly rate." *See Case*, 157 F.3d at 1257 (citing *Ramos*, 713 F.2d at 559). The attorneys "requesting fees bear the burden of establishing the amount of compensable expenses to which they are entitled." *Id.* (citing *Mares*, 801 F.2d at 1208).

The specific expenses which plaintiff seeks to recover are as follows: the United States District Court filing fee of $350.00; process server fees in the amount of $182.00; photocopying costs in the amount of $99.95 for copying plaintiff's Kansas Human Rights Commission file; and mediator fees in the amount of $562.50. Although plaintiff does not specify the vehicle through which she intends to recover these expenses, the first three items are generally considered recoverable costs under section 1920. Defendant does not dispute plaintiff's ability to recover her filing under section 1920. With respect to the fees related to service of process, defendant argues that such fees should be limited to $47.00–the cost of serving defendant TRC. The court agrees that plaintiff cannot recover process server fees with respect to those defendants that plaintiff voluntarily dismissed from the case. *See Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1075-76 (D. Kan. 2005) (disallowing costs attributable solely in prosecuting claim against defendant where plaintiff voluntarily dismissed claims against that defendant). Finally, defendant contends that plaintiff cannot recover her copying costs because she has not shown that those copies were necessary to the litigation. The court rejects this argument. The clear majority of courts permit the recoupment of copying expenses related to a plaintiff's EEOC file in a discrimination case. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) ; *Yarbrough v. Denver Public Library*, 2007 WL 707458, at \*1 (D. Colo. March 6,

2007) (copies of underlying EEOC file are necessarily obtained for use in the case); *Wells v. Xpedx*, 2007 WL 4206684, at *2 (M.D. Fla. Nov. 27, 2007); *Wagner v. Illinois Dept. of Public Aid*, 2005 WL 731064, at *3 (N.D. Ill. March 28, 2005) (copying the EEOC file in a discrimination case is "entirely reasonable").

The court is left, then, with plaintiff's request for mediation fees, a request that defendant opposes as available neither under section 1920 nor as a part of a fee application. To be sure, mediation fees are not covered by section 1920 and costs associated with a mediation are not recoverable under that statute. *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002). Similarly, mediation costs do not fall within the limited category of expenses taxable under Title VII. *See Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001) (in Title VII case, district court abused its discretion in taxing losing party with costs of mediation because neither section 1920 nor Title VII listed such expenses as taxable). Indeed, the vast majority of cases addressing the issue have held that mediation fees are simply not recoverable. While a handful of courts have authorized the reimbursement of mediation fees, they have done so with very little analysis of the issue and, thus, are not persuasive to the court. *See Univ. of Kansas v. Sinks*, 2009 WL 3191707, at *16 (D. Kan. Sept. 28, 2009); *Gordon v. Virtumundo, Inc.*, 2007 WL 2253296, at *15 (W.D. Wash. Aug. 1, 2007); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1354-55 (S.D. Fla. 2006). Moreover, just as the court has concluded that plaintiff may recover reasonable fees for time that her counsel spent preparing for mediation in part because the court does not want to discourage plaintiff's counsel from participating in settlement efforts, the court concludes that shifting the costs of mediation to a

17

defendant (in the absence of an agreement between the parties to do so) if it concludes that mediation with an offer of judgment would provide a disincentive for a defendant to make such an offer because it would open the door to costs that would not otherwise be recoverable. In sum, this request is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for attorneys' fees and costs (doc. 22) is **granted in part and denied in part**. The court awards plaintiff $17,620 in fees and $496.95 in expenses, for a total award of $18,116.95.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's motion to strike amended reply to response to motion (doc. 34) is **denied**.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2010, at Kansas City, Kansas.

>                s/ John W. Lungstrum
>                John W. Lungstrum
>                United States District Judge